

FILED

OCT 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARC DAGUPION, | No. 12-15771 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00120-SOM-KSC |
| v. | |
| NATIONAL CITY MORTGAGE CO., a subsidiary of National City Bank, now known as PNC Bank, National Association; JOHN DOES, 1-10; JANE ROES, 1-10; DOE CORPORATIONS, PARTNERSHIPS OR OTHER ENTITIES, 1-10; LOAN NETWORK LLC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Kevin S. Chang, Magistrate Judge, Presiding

Submitted October 10, 2013[**]
Honolulu, Hawaii

Before: KOZINSKI, Chief Judge, and FISHER and WATFORD, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Marc Dagupion appeals the orders of the district court awarding discovery sanctions under Federal Rule of Civil Procedure 37 and denying his motion to reconsider. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by awarding sanctions or denying Dagupion's subsequent motion to reconsider. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010); *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The court properly awarded "reasonable expenses, including attorney's fees" under Rule 37(b)(2)(C) following Dagupion's failure to attend his court-ordered deposition on November 2, 2011. Dagupion's argument that he was excused from attending the deposition based on the representations of opposing counsel is not supported by the record.

The defendants provided a detailed account of their fees and costs resulting from the failure to attend, and the court awarded a reasonable sum. In moving for reconsideration, Dagupion did not present any newly discovered evidence, show that the district court's decision was clear error or manifestly unjust or demonstrate an intervening change in controlling law. *See Platforms Wireless*, 617 F.3d at 1100.

**AFFIRMED.**